## Ross v. Eagle Coal Company.

(Decided February 27, 1931.)

B. J. BETHURUM and H. M. CLINE, for appellant.

WILLIAM WADDLE and STEPHENS & STEELY for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

The Eagle Coal Company owns and operates a coal mine in McCreary county, and for several years C. I. Ross was its general manager, running the business. In November, 1919, he quit as general manager. Subsequently he brought this action against the company charging that after he quit as general manager he was employed by the company to perform certain services at $100 a month. The allegations of his petition were denied by answer. The case came on for trial before a jury, and at the conclusion of the evidence on both sides,

the court instructed the jury peremptorily to find for the defendant.

Ross testified, in substance, that he was employed by George P. Durrell, the president of the company, to look after the tax matters of the company and to settle personal injury cases that had accrued; to see about the machinery and engines and to keep in touch with the car service and keep cars coming down regularly, so that there would be no interruption in getting out the coal, and for these services the president promised to pay him $100 a month, and that he had served in this capacity for twenty-one months. The company had paid him for six months and refused to pay him any longer. He sued for the balance, $1,500.

On the other hand, Durrell testified that the contract with Ross was only for six months. Ross sustained his testimony by several witnesses, testifying that he rendered the services sued for for twenty-one months, and that it took much of his time. The court gave the peremptory instruction on the ground that there was no testimony that Durrell had authority as president of the company to make the contract. After stating, in substance, that he worked for the company as general manager in 1917, 1918, and 1919, under a contract made with Durrell, who made with him the new contract sued on, Ross in his testimony said this:

"Q. What was Mr. Durrell's capacity with the Eagle Coal Company? A. He was chief owner, President, Treasurer, all of it.

"Q. Were you employed individually by him for the company? A. Yes, sir.

"Q. You say after you severed your connections with him as general manager you made another contract with him? A. Yes, sir."

He then goes on to tell what the second contract was. Durrell in his testimony says this: "Q. Who looked after the company's business? A. I did."

The question presented is: Was there any evidence that Durrell had authority to make the contract sued on? The rule is well settled that a corporation is responsible for the acts of its agent while engaged in the business of the agency to the same extent and under the same circumstances that a natural person is charged with the acts of his agents. Havens v. Bank of Tarboro, 132 N. C. 214, 43 S. E. 639, 95 Am. St. Rep. 627; 14a C. J. pp.

348, 349, secs. 2210-2212, and cases cited. The rule is also well settled that the president of a mining corporation, who is in the active conduct and the management of its business, must he presumed to have all the powers of any agent exercising like control and management and to have authority to do what is usually and ordinarily done by such an agent. Ceeder v. Loud, etc., Lumber Co., 86 Mich. 541, 49 N. W. 575, 24 Am. St. Rep. 134, and cases cited in note. The testimony of Ross that Durrell was "chief owner, president, treasurer, all of it," is simply a condensed statement that Durrell ran the business, and this is conclusively confirmed by Durrell's testimony, who says that he looked after the company's business without any qualification. In addition to this, Ross had served the company for two and one-half years under a contract made with him by Durrell and the company had regularly paid him his salary pursuant to the contract, and when the new contract was made the company regularly paid him his salary for six months, which ratified Durrell's action in making that contract. An individual for whom a contract had been made by an agent would not be allowed under such circumstances to maintain that the agent had acted without authority in making the contract, and the same rule must apply to a corporation under like circumstances. The court therefore erred in instructing the jury peremptorily to find for the defendant on the ground that Durrell was not shown to have authority to make the contract. It was a question for the jury under all the evidence whether the contract was as stated by Ross or as stated by Durrell. Ross sues upon the contract as shown by him, and he cannot recover if the contract was as shown by Durrell. But this is a question for the jury. Provident Stores' Receiver v. Tanner, 226 Ky. 364, 10 S. W. (2d) 1077.

On the cross-appeal this question is presented: at the June term, 1925, an order was entered dismissing the action without prejudice on the motion of L. G. Campbell, attorney; the action had been filed by John W. Sampson; Sampson was sick in bed and Ross was not there. During the term a motion was made to set aside the order on the ground that Campbell was not an attorney in the case and was without authority to make the motion to dismiss it. After this and before any action was taken on the motion, the courthouse burned and all

the papers were burned up. On November 12, 1928, the court made this order:

> "It appearing to the satisfaction of the court that the records in this case, including all original copies were destroyed by fire in the courthouse when it was destroyed in June 1927, and that the parties by agreement have substituted the records in the case which are as follows: First, the petition; Second, the answer; Third, the motion and grounds for a new trial; and Fourth, affidavits of C. I. Ross, John W. Sampson, Dr. C. E. Cain, in support of his motion and grounds for a new trial.
>
> "It is ordered that each of the foregoing pleadings be and they are hereby made a part of this record and substituted for the originals, which were destroyed by fire."

On the 23d day of November, 1928, the court set aside the order dismissing the action. The defendant excepted and by cross-appeal insists that the order was erroneous.

There was no exception to the order of November 12, which restored the lost record, and appellee cannot complain of this order or insist here that it was not warranted by the evidence. It is not material that the motion was called a motion for a new trial. It was in substance a motion to set aside an order made by an attorney without authority. On the whole record it is clear that a mistake had been made due to a misunderstanding. Ross was not there, because Sampson was sick and had failed to notify him as agreed. The court did not abuse a sound discretion in setting aside the order. In such cases the circuit court has a discretion which will not be disturbed here unless abused.

The court does not find in the record any order of court filing either of the amended petitions or the answer thereto copied in the record or any action of the court thereon. The case was apparently tried on the original petition. After five years it was too late for Ross to amend his petition and sue upon an implied contract. Meinshausen v. A. Gettelman Brewing Co., 133 Wis. 95, 113 N. W. 408, 13 L. R. A. (N. S.) 250.

Judgment reversed, and cause remanded for further proceedings consistent herewith.